PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MYISHA NICOLE MUKAABYA,           )
                                  )    CASE NO. 4:25 CV 02177
            Plaintiff,            )
                                  )    JUDGE BENITA Y. PEARSON
      v.                          )
                                  )
JUDGE MARK J. KOLMACIC, et al.,   )    **MEMORANDUM OF OPINION**
                                  )    **AND ORDER**
            Defendants.           )

*Pro se* plaintiff Myisha Nicole Mukaabya filed this civil rights action against Judge Mark

J. Kolmacic; Prosecutor Lynn Maro; Retired Judge Patrick P. Cunning; Yanitza Tomes Luciana,

Children Services Case Manager; Former Prosecutor Brian J. Macala; Campbell Police

Department; and James Goski, Campbell Elementary and Middle School Assistant Principal.

ECF No. 1.  She filed several motions to supplement her complaint, including additional

damages claims and new defendants.  ECF No. 6; ECF No. 7; ECF No. 9; ECF No. 10; ECF No.

11; and ECF No. 12.

On February 6, 2026, the Court notified Plaintiff that her Complaint, as written, failed to

state a claim upon which relief may be granted.  The Court granted Plaintiff thirty (30) days to

amend her Complaint to state a viable cause of action and notified her that if a legally sufficient

Complaint was not filed within that time, the action may be dismissed.  ECF No. 13.  The Court

ordered that the amended complaint consist of one document including all claims, defendants,

and requests for relief.  ECF No. 13.  On February 13, 2026, Plaintiff filed a motion for leave to

(4:25CV2177)

file an amended complaint, attaching an "order to amend complaint."  *See* ECF No. 14; ECF No. 14-1.  The Court grants Plaintiff's motion and construes ECF No. 14-1 as Plaintiff's operative complaint.  Accordingly, each of Plaintiff's motions to supplement her original complaint (ECF No. 6; ECF No. 7; ECF No. 9; ECF No. 10; ECF No. 11; ECF No. 12) are denied as moot.

In the Amended Complaint, Plaintiff identifies the following defendants: Judge Kolmacic, Prosecutor Maro, Judge Cunning, Case Manager Luciana, Prosecutor Macala, Campbell Police Department, Assistant Principal Goski, Attorney Hall, Probation Officer Jean Darkadakis, and U.S. Postal Service employee, Tamika.  The Amended Complaint fails to state a legally sufficient claim upon which relief can be granted.  For the reasons set forth below, this action is dismissed.

## I. Background

Plaintiff's Complaint is a disjointed narrative of events consisting entirely of bare, conclusory allegations.  As best the Court can discern, it appears that Plaintiff is challenging a conviction for domestic violence in the Campbell Municipal Court.  She claims that her probation officer, Jean Darkadakis, was "worried about [Plaintiff's] mental health" and advised Plaintiff to sign a speedy trial waiver without appointed counsel.  ECF No. 14-1 at PageID #: 82.  Plaintiff contends that she did not get a preliminary hearing, but instead, "Campbell Court picked me up while incarcerated in the Mahoning County Jail to go to court for a probation violation."  ECF No. 14-1 at PageID #: 81.  Plaintiff states that her bond was supposed to be continued, but it was modified.  ECF No. 14-1 at PageID #: 82.

2

(4:25CV2177)

Plaintiff also alleges that "[stemming] from the four counts of child endangerment," her children were removed from Campbell City Schools "with the criminal intent of Children Services of Youngstown being able to pick up my son from school by their transportation services provider." ECF No. 14-1 at PageID #: 83.  Plaintiff further alleges that she was falsely accused of obstructing official business, resisting arrest, and vandalism.  And apparently at some point, Judge Cunning turned the courtroom lights off, which caused Plaintiff to accept a plea deal, and "traumatized [Plaintiff] into a mental health institution, due to all of the ongoing retaliation tactics." ECF No. 14-1 at PageID #: 84.  Plaintiff states in a conclusory fashion that she suffered emotional trauma "from the abuse of power and authority from Campbell City and Police." ECF No. 14-1 at PageID #: 84.

Plaintiff also contends that she has been having "mail issues," and she spoke with "Tamika," reportedly the U.S. Postal Service customer relations employee, regarding her complaints with the U.S. Postal Service.  Allegedly, these complaints include receiving other people's mail, not receiving some of her own mail, and receiving a letter from the district court wherein the corner of the envelope "was cracked open." ECF No. 14-1 at PageID ##: 84–87.

Finally, Plaintiff claims that she attempted to hire Attorney Eric D. Hall, who reviewed documents on Plaintiff's behalf.  Attorney Hall, however, determined that he could not represent Plaintiff and he returned some, but not all, of Plaintiff's documents.  According to the Complaint, Attorney Hall committed legal malpractice because he "didn't give the care or attention his client deserved," which left Plaintiff with no other option than to represent herself. ECF No. 14-1 at PageID ##: 80–81.

(4:25CV2177)

In the "Jurisdiction" section of her Complaint, Plaintiff provides a list of apparent constitutional violations at issue in her Complaint, including the First, Fifth, Sixth, Thirteenth, Fourteenth, and Fifteenth Amendments. Plaintiff also alleges that the "double jeopardy clause was violated." ECF No. 14-1 at PageID #: 76. Plaintiff asks the Court to terminate her probation and expunge her criminal record. Plaintiff also seeks monetary relief.

## II. Analysis

### A. Plaintiff's State Court Conviction

#### 1. Failure to state a claim

Plaintiff's complaint purports to assert claims calling into question the validity of her criminal conviction and she seeks immediate release from her sentence. The Supreme Court held that a civil rights action under 42 U.S.C. § 1983 is not an appropriate vehicle for a prisoner to challenge a state conviction or sentence. Rather, when a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he [or she] seeks is a determination that he [or she] is entitled to immediate release or a speedier release from that imprisonment, his [or her] sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Additionally, to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, she must first show that the conviction has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In the absence of such a showing, any complaint for

4

(4:25CV2177)

damages must be dismissed.  *See Wright v. Kinneary*, 46 F. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87).  Here, there is no suggestion in the complaint that Plaintiff's conviction has been set aside or invalidated in any of the ways articulated in *Heck*.  Therefore, as it relates to Plaintiff's state court conviction, the complaint must be dismissed.  *Wright*, 46 F. App'x. at 252; *see Potts v. Olds*, No. 3:10CV1186, 2010 U.S. Dist. LEXIS 73602, *2 (N.D. Ohio July 21, 2010) (Katz, J.) (applying *Heck* and finding Plaintiff may not recover damages when the district court's decision would express an opinion as to the validity of Plaintiff's conviction and resulting probation violation).

Accordingly, the Court dismisses Plaintiff's claims against Judge Kolmacic, Judge Cunning, Prosecutor Maro, Prosecutor Macala, Case Manager Luciana, the Campbell Police Department, Assistant Principal Goski, and Probation Officer Jean Darkadakis.

### 2. *Defendants subject to dismissal*

Even if Plaintiff were able to bring a civil rights action concerning her state court conviction, Plaintiff cannot maintain an action against the defendants allegedly involved.  A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").  Plaintiff asserts no specific allegations connecting Luciana, Children Services Case Manager, or Assistant Principal Goski to any of her claims for relief. Claims against these defendants are therefore dismissed.

5

(4:25CV2177)

Additionally, Judge Kolmacic and Judge Cunning are immune from suit.  It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there is no suggestion in the complaint that Judges Kolmacic and Cunning were acting in any capacity other than that of a judicial officer when the conduct alleged in the Complaint occurred or that the judicial officers acted clearly outside of the subject matter jurisdiction of the court over which they preside.  Judges Kolmacic and Cunning are, therefore, absolutely immune from damages in this action.

Likewise, Prosecutor Maro and Prosecutor Macala are immune from suit.  Prosecutors are absolutely immune from liability under § 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'"  *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v.*

6

(4:25CV2177)

*Pachtman*, 424 U.S. 409, 431 (1976)).  So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive.  *See Imbler*, 424 U.S. at 427 n.27, 431 n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Plaintiff presents no facts suggesting Prosecutors Maro and Macala acted outside the confines of their prosecutorial roles.  Indeed, Plaintiff asserts no specific allegations in the Complaint concerning either prosecutor.  Accordingly, Prosecutors Maro and Macala are absolutely immune from suit.

Similarly, absolute judicial immunity also has been extended to non-judicial officers who perform "quasi-judicial" duties.  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."  *Id.*  The fact that an error is made is immaterial.  *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).  And probation officers are entitled to quasi-judicial immunity when determining whether an individual has violated the terms of his or her probation.  *See Huffer v. Bogen*, 503 F. App'x. 455, 461 (6th Cir. 2012) (finding probation officers were performing a judicial function

(4:25CV2177)

and therefore entitled to quasi-judicial immunity when they determined that the plaintiff had violated the terms of his probation).  Probation Officer Darkadakis also enjoys immunity in this action.

Finally, Plaintiff cannot maintain an action against the Campbell Police Department because the police department is not *sui juris*, meaning it is not a legal entity capable of being sued in its own right.  *See* *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (Pearson, J.) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *Lloyd v. City of Streetsboro*, No. 18-3485, 2018 WL 11298664, at *3 (6th Cir. Dec. 20, 2018) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983.").

Accordingly, Plaintiff cannot maintain an action against Judge Kolmacic, Judge Cunning, Prosecutor Maro, Prosecutor Macala, Case Manager Luciana, the Campbell Police Department, Assistant Principal Goski, and Probation Officer Jean Darkadakis.

**B. The U.S. Mail**

Plaintiff's claims against Tamika, the U.S. Postal Service employee, are unclear.  Plaintiff indicates that she is receiving other people's mail, she has not received some mail, and an envelope she received was opened.  Plaintiff, however, asserts no cognizable legal claims against Tamika.

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  However, this lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92

(4:25CV2177)

F.3d 413, 416 (6th Cir. 1996).  The courts are not required to conjure unpleaded facts or

construct claims against defendants on behalf of a *pro se* plaintiff.  *See Grinter v. Knight*, 532

F.3d 567, 577 (6th Cir. 2008) (citation omitted).  To do so would require the court "to explore

exhaustively all potential claims of a *pro se* plaintiff . . . and transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest argument

and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274,

1277-78 (4th Cir. 1985); *see also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)

("Although liberal construction requires active interpretation of the filings of a *pro se* litigant, . . .

it . . . does not require a court to conjure allegations on a litigant's behalf[.]") (internal citations

omitted).

In the spirit of "active interpretation," the Court construes Plaintiff's claims against

Tamika as a tort action against the Postal Service for the negligent mishandling of mail pursuant

to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-2680.  Under the FTCA, the

United States is liable for tort claims "in the same manner and to the same extent as a private

individual under like circumstances."  28 U.S.C. § 2674.  Upon review, the Court finds that

Plaintiff's claims concerning her mail must be dismissed.

A district court lacks subject matter jurisdiction over an FTCA action when the plaintiff

fails to name the United States as a defendant.  *See* 28 U.S.C. § 2679(a); *Allgeier v. United

States*, 909 F.2d 869, 871 (6th Cir.1990).  Here, Plaintiff has failed to name the United States as

a defendant.  Even if she had done so, the United States has expressly retained its sovereign

immunity over claims for negligent handling of the mail that are filed under the FTCA.  *See* 28

9

(4:25CV2177)

U.S.C. § 2680(b) ("[t]he provisions of this chapter . . . shall not apply to . . . [a]ny claim arising

out of the loss, miscarriage, or negligent transmission of letters or postal matter."); *Anderson v.*

*United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985).  Therefore, Plaintiff's tort claims

against the Postal Service for the alleged mishandling of her mail are barred by sovereign

immunity and her claims against Tamika, U.S. Postal Service employee, are dismissed.

### C. Legal Malpractice

Plaintiff expressed dissatisfaction with Attorney Hall's review of her potential claims and

the decision to decline to represent Plaintiff.  She contends that Attorney Hall's conduct

constitutes legal malpractice.

Federal courts are courts of limited jurisdiction, empowered to decide cases that the

Constitution and Congress have authorized, including cases concerning federal questions (that is,

controversies arising from federal law) or diversity jurisdiction (*i.e.*, when all plaintiffs have

diverse citizenship from all defendants, and the amount in controversy exceeds $75,000).

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Johnson v. Johnson*, 157

F.4th 813, 817 (6th Cir. 2025); 28 U.S.C. § 1332(a)(1) (diversity question); 28 U.S.C. § 1331

(federal question).  "Absent diversity of citizenship, federal-question jurisdiction is required."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987).

Here, Plaintiff does not establish diversity of citizenship, alleging in the Amended

Complaint that both she and Attorney Hall are residents of Ohio.  ECF No. 14-1 at PageID #: 73.

Plaintiff also fails to identify a federal question concerning her claims against Attorney Hall.  The

only discernible claim against Attorney Hall is one of legal malpractice, which arises under state

(4:25CV2177)

law, not federal law.  The Court therefore lacks subject matter jurisdiction over Plaintiff's claims

against Attorney Hall and such claims must be dismissed.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's claims against all defendants.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith..


IT IS SO ORDERED.


   March 31, 2026                                           */s/*    *Benita Y. Pearson*   
Date                                                    Benita Y. Pearson
                                                   United States District Judge

11